**Link to doc. #22**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4945 PSG (FFMx) | Date | December 20, 2010 |
|---|---|---|---|
| Title | Brass Smith, LLC v. Advanced Design Manufacturing LLC, d/b/a ADM Sneezeguards | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** **(In Chambers) Order GRANTING Defendant's motion to stay pending ex parte re-examination**

Pending before the Court is Defendant and Counter-claimant Advanced Design Manufacturing LLC's (" Defendant") motion to stay pending ex parte re-examination. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of and in opposition to the motion, the Court hereby GRANTS ADM's motion and stays the case pending ex parte re-examination.

I.  Background

Plaintiff and Counter-defendant Brass Smith, LLC holds a patent related to Sneezeguards. The Patent and Trademark Office ("PTO") granted a third-party's request for a reexamination of the patent in light of certain prior art that was not considered during the original examination. Defendant now moves to stay this case pending reexamination of the patent at issue.

II.  Discussion

In patent infringement actions, district courts have often stayed actions until pending administrative proceedings are resolved. *See, e.g., In re Cygnus Telecomms. Tech.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *Teradyne, Inc. v. Hewlett-Packard, Co.,* No. C-91-0344 MHP, 1993 U.S. Dist. LEXIS 14601, **21-28 (N.D. Cal. Jan. 7, 1993). In considering a

**Link to doc. #22**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4945 PSG (FFMx) | Date | December 20, 2010 |
|---|---|---|---|
| Title | Brass Smith, LLC v. Advanced Design Manufacturing LLC, d/b/a ADM Sneezeguards | | |

stay pending reexamination of a patent by the PTO, courts generally consider three factors: (1) the stage of the litigation, including whether discovery is completed or nearly completed, (2) whether a stay will cause undue prejudice or tactical disadvantage to the nonmoving party, and (3) whether a stay will facilitate resolution of the action. *See Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, 2007 U.S. Dist. LEXIS 17536 (W.D. Mich. Mar. 12, 2007); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2007 U.S. Dist. LEXIS 44107 (N.D. Cal. June 6, 2007).

Here, the three factors favor a stay. With respect to the first factor, the case is at an early stage in the proceedings. The scheduling conference has not taken place. There is also no reason to believe that Plaintiff will suffer any undue prejudice from a stay. Plaintiff points out that any prolonging of the litigation allows Defendant to sell infringing products in competition with Plaintiff for a longer period. But this kind of harm is suffered by many patent plaintiffs when a stay pending reexamination is requested. If this consideration were given much weight, stays pending reexamination would rarely be granted. And while Defendant could have moved for a stay somewhat sooner than it did, the delay was not so extraordinary as to impute bad faith to Defendant's stay request. Finally, there is a good chance that a stay will facilitate resolution of the litigation. The PTO either cancels or requires modifications to the patent in 92% of reexaminations. *See Thoeming Decl.*, Ex. 5, ¶ 5. Therefore, there is a reasonably good chance that the claims at issue will be altered or canceled during the reexamination process. Cancellation of some or all of the claims would obviously streamline or end the litigation. Alteration of the claims could change the case in ways that would foster settlement or simplify the case.

III.   Conclusion

For the reasons set forth above, Defendant's motion is GRANTED.

**IT IS SO ORDERED.**